**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50261 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00746-WQH-1 |
| v. | |
| JOSE MEDINA-JIMENEZ, AKA Juan Ortiz-Ruiz, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Jose Medina-Jimenez appeals from the district court's judgment and challenges the 46-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The government argues that this appeal should be dismissed based on the appeal waiver in the parties' plea agreement. Medina-Jimenez responds that the appeal waiver should not be enforced because the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N) by failing to inform him of, and determine he understood, the terms of the waiver. We review de novo whether a defendant has waived his right to appeal, and for plain error the adequacy of the plea colloquy. *See United States v. Watson*, 582 F.3d 974, 981, 987 (9th Cir. 2009).

The record reflects that, during the plea colloquy, the court addressed Medina-Jimenez personally and confirmed that the plea agreement had been translated for him, he had discussed the plea agreement, including the appeal waiver provision, with his attorney, and he understood the rights he was waiving. In addition, Medina-Jimenez confirmed in writing and orally that he had read the entire plea agreement, understood its terms, and discussed it with his attorney. On this record, any Rule 11 error did not affect Medina-Jimenez's substantial rights. *See id.* at 987. Accordingly, we dismiss this appeal in light of the valid appeal waiver. *See id.*at 988.

**DISMISSED.**

18-50261